UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Vern Jason Mouelle,<br><br>                    Petitioner,<br><br>v.<br><br>Paul Schnell, Minnesota Commissioner of Corrections,<br><br>                    Respondent. | Case No. 20-cv-456 (SRN/TNL)<br><br>**REPORT AND RECOMMENDATION** |

Kassius O. Benson, Kassius Benson Law, PA, 212 Third Avenue North, Suite 322, Minneapolis, MN 55401 (for Petitioner); and

Anna Light, Assistant County Attorney, Dakota County Attorney's Office, 1560 Highway 55, Hastings, MN 55033 (for Respondent).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. (ECF No. 1). This action has been referred to the undersigned for a report and recommendation to the Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1. Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the petition be denied and dismissed with prejudice and a certificate of appealability not issue.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Following the fatal stabbing of Senicha Lessman, who was 32 weeks pregnant at the time, Petitioner Vern Jason Mouelle was indicted for first-degree premeditated murder and first-degree premeditated murder of an unborn child. *State v. Mouelle*, 922 N.W.2d 706, 710-11 (Minn. 2019). Petitioner's jury trial took place in December 2017. *Id*.

Shortly before opening statements, Petitioner's trial counsel and the state trial judge had an ex parte conversation. *Id*. There, trial counsel informed the judge that if Petitioner testified, trial counsel would "do as well as [he could] under *Whiteside*[.]."[1] *Mouelle*, 922 N.W.2d at 711.

Mouelle testified at trial that a different person was responsible for the murder. *Id*. Trial counsel "presented [Petitioner's] testimony in the traditional question-and-answer format." *Id*. No other mention was made of trial counsel's ex parte conversation with the state trial judge. *Id*. The jury found Petitioner guilty of all counts and he was sentenced to life-imprisonment terms for each first-degree murder offense. *Id*. at 712.

Petitioner appealed his conviction to the Minnesota Supreme Court. There, he argued that trial counsel was constitutionally ineffective, in violation of his Sixth Amendment rights, because trial counsel violated his ethical duties of loyalty and confidentiality by engaging an ex parte conversation with the state trial court. *Id*. at 714. The Minnesota Supreme Court rejected this claim, concluding that Petitioner had failed

---

[1] Trial Counsel was referring to the United States Supreme Court decision in *Nix v. Whiteside*, 475 U.S. 157 (1986), which held that trial counsel did not provide ineffective assistance of counsel by dissuading the defendant from committing perjury by threatening to withdraw from representation and reporting the perjury to the trial judge.

to show that, but for the unprofessional errors, the outcome of his proceeding would be different. *Id*. at 716-17.

Petitioner further argued that the state trial judge erred by continuing to preside over his trial following the ex parte conversation with trial counsel. *Id*. at 713. The Minnesota Supreme Court also rejected this argument, explaining that "the record does not reflect any behavior by the [state trial judge] that would lead a reasonable examiner, with full knowledge of the facts and circumstances, to question the judge's impartiality." *Id*. at 714.

Petitioner now seeks habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). He argues that he received ineffective assistance of counsel, in violation of his Sixth Amendment rights. Petitioner argues that trial counsel's performance fell below an objective standard of reasonableness during trial counsel's ex parte conversation with the state trial judge. He further argues that trial counsel's performance caused him prejudice and that the state trial judge should have recused herself following the ex parte conversation with trial counsel. Respondent timely answered the petition. (ECF No. 7).

## II. ANALYSIS

### A. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs review of habeas corpus petitions filed by state prisoners. State prisoners may seek relief on the grounds that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Relief may be granted under section 2254 only when the state prisoner can establish that a state court proceeding "(1) resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. § 2254(d).

A state court decision is contrary to clearly established federal law only "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). "An 'unreasonable application' of Supreme Court precedent occurs when a state court correctly identifies the governing legal standard but either unreasonably applies it to the facts of the particular case or unreasonably extends or refuses to extend the legal standard to a new context." *Munt v. Grandlienard*, 829 F.3d 610, 614 (8th Cir. 2016) (citing *Williams*, 529 U.S. at 407). "In other words, it is not enough . . . to conclude that, in [the court's] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel. U.S. Const. amend VI; *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). To show that trial counsel was constitutionally ineffective, Petitioner must show that "counsel's performance was both

deficient and prejudicial." *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) (citing *Strickland*, 466 U.S. at 687 (1984)). This means that "counsel's performance must have fallen below 'an objective standard of reasonableness,' and as a consequence [Petitioner] must have been deprived of a fair trial." *Id.* at 1085-86 (quoting *Strickland*, 466 U.S. at 687-88). The second prong is satisfied only if Petitioner shows a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 693-94. Because the Minnesota Supreme Court considered only the second prong of the *Strickland* test in assessing whether trial counsel was ineffective, the Court will begin with that issue.

Petitioner first argues the Ninth Circuit Court of Appeals' decision in *Lowery v. Cardwell* establishes that trial counsel's conduct caused him prejudice and that he is entitled to habeas relief as a result. 575 F.2d 727 (9th Cir. 1978). The Court disagrees for several reasons.

First, even if the Minnesota Supreme Court's decision directly contradicted the Ninth Circuit, that fact alone would be insufficient to entitle Petitioner to relief. Any error must be clear from Supreme Court precedent existing at the time of the state court's decision. It is not enough that the state court decision conflicted with precedent from a federal court of appeals. *Lopez v. Smith*, 574 U.S. 1, 2 (2014) ("We have emphasized, time and again, that [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'"). Thus, *Lowery* does not entitle Petitioner to relief.

5

Second, the Minnesota Supreme Court properly applied *Lowery* in evaluating Petitioner's direct appeal. In *Lowery*, trial counsel moved to withdraw during the appellant's testimony because trial counsel believed that appellant was lying. *Id.* at 729. Because trial counsel's conduct amounted to an "unequivocal announcement" that the appellant's testimony was untrue, the Ninth Circuit held that trial counsel's conduct violated the appellant's due process rights and granted his petition for habeas relief. *Id.* at 730-31.

Critical to the Ninth Circuit's analysis, however, was the fact that appellant's trial counsel made his motion during a bench trial, in which the trial judge was sitting as the fact finder. *Id.* at 731. As a result, trial counsel had raised his concerns regarding the truthfulness of appellant's testimony directly to the fact finder. *Id.* at 731. But in this case, as the Minnesota Supreme Court noted, Petitioner was tried by a jury, which was unaware of trial counsel's ex parte conversation with the trial judge or trial counsel's concerns regarding the truthfulness of Petitioner's testimony. Nor did the jury have any reason to be aware of those concerns, as Petitioner's trial counsel ended up examining Petitioner in the traditional question-and-answer format. As a result, there was no possibility that trial counsel's disclosure, improper or not, would have caused Petitioner the same type of prejudice as the appellant in *Lowery*. The Minnesota Supreme Court therefore correctly determined that *Lowery* did not entitle Petitioner to relief.

Finally, *Lowery* is not an accurate reflection of United States Supreme Court precedent regarding the Sixth Amendment. The Ninth Circuit decided *Lowery* before *Strickland*, which was a seminal decision that reshaped the ways in which courts analyze

6

ineffective assistance claims. The *Lowery* court did not even consider whether the appellant's Sixth Amendment rights had been violated. Instead, it analyzed whether counsel violated the appellant's due process rights. 575 F.2d at 731-32. As a result, the *Lowery* court did not even consider whether the appellant suffered prejudice, *id.*, at 731, which courts must now do when evaluating an ineffective assistance claim under *Strickland*. For these reasons as well, Petitioner cannot claim a decision contrary to *Lowery* is a violation, or unreasonable application, of relevant Supreme Court precedent regarding the Sixth Amendment.

Petitioner also argues that trial counsel's conduct caused him prejudice because counsel's ex parte conversation caused the state trial judge to be biased against him. In support of this argument, Petitioner claims the state trial judge made several rulings against him during trial.

Petitioner's argument is without merit. As the Minnesota Supreme Court noted, a criminal defendant can only show prejudice if he or she demonstrates a "reasonable probability" that the error "undermine[d] confidence in the outcome" of the trial. *Mouelle*, 922 N.W.2d at 715 (quoting *Strickland*, 466 U.S. at 694). Though Petitioner complains of various rulings the state trial judge made throughout trial, Petitioner makes no attempt, with one exception discussed below, to identify what those rulings were, how they were erroneous, how they were influenced by the judge's ex parte conversation with trial counsel, or how they would have affected the outcome of the trial. Vague references to improperly decided evidentiary rulings are insufficient to undermine confidence in the outcome of the trial. *See Strickland*, 466 U.S. at 694.

The only specific motion that Petitioner identifies as being affected by the state trial court's bias is that court's denial of his motion for judgment of acquittal. But to prevail in a motion for acquittal, the State is only required to show that the evidence, viewed in a light most favorable to the State, is sufficient to sustain a conviction. *State v. Slaughter*, 691 N.W.2d 70, 74-75 (Minn. 2005). Here, the Minnesota Supreme Court found the state trial judge's denial of Petitioner's motion for judgment of acquittal to be "beyond challenge because the State presented more than enough evidence to create a question of fact for the jury's determination." *Mouelle*, 922 N.W.2d at 716. Petitioner does not explain in his petition how the state trial judge or Minnesota Supreme Court decided this issue incorrectly. As a result, the Court cannot conclude that there is a reasonable probability that the motion for judgment of acquittal would have been granted but for the alleged bias of the state trial court.

The Minnesota Supreme Court's decision that Petitioner failed to show that trial counsel was constitutionally ineffective was not a violation or unreasonable application of clearly established federal law. Nor was the Minnesota Supreme Court's decision based on an unreasonable determination of the facts based on the evidence submitted. Petitioner's ineffective assistance claim therefore fails.

### C. Due Process

Petitioner also appears to argue that the trial judge's failure to recuse herself violated his due process rights.[2] "Due process guarantees an absence of actual bias on the

---

[2] The Court questions whether this claim was properly exhausted in the state courts. But because Respondent does not challenge the claim on this ground, the Court will consider this argument on the merits.

8

part of a judge." *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016) (citation and internal quotation marks omitted). The United States Supreme Court has set forth an objective test for determining whether actual bias is present. *Id*. This Court must consider whether "the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." *Id*. (citation and internal quotation marks omitted).

Petitioner has not established that the state trial judge's decision regarding recusal violated clearly established federal law. Petitioner has not cited to a single United States Supreme Court case that would have required recusal here. Instead, he relies heavily on decisions from the Minnesota Supreme Court and the federal courts of appeals. But at this Court noted above, decisions from courts other than the United States Supreme Court do not establish clearly established federal law as defined by the AEDPA.

Furthermore, the cases that Petitioner does cite to do not establish that recusal was appropriate here. Petitioner relies first on *Butler v. United States*. 414 A.2d 844 (D.C. Cir. 1980). There, the D.C. Circuit Court of Appeals held that a trial judge's failure to recuse after being told by "defense counsel that the government's case can be proved beyond a reasonable doubt and that the defendant intends to commit perjury" violated the defendant's due process rights. *Id*. at 852. But in *Butler*, the trial judge was again sitting as the factfinder, a fact that the D.C. Circuit Court of Appeals found important when comparing *Butler* to other cases where recusal was not warranted. *See id*. at 850. ("Both Johnson and Thornton involved cases tried before juries. Of interest, therefore, is the reasoning of the Ninth Circuit in a case where the spectre of false testimony arose in the context of a bench trial."). Trial counsel in *Butler* also did more than just raise the

9

possibility of perjury, he advised the trial judge that he believed the government would be able to prove its case on the merits. *See id.* at 852-53 ("We hold here, that *once defense counsel had informed the court of the merits of his client's case and* the fact that his client intended to commit perjury, the proceedings should have been certified to another judge.") (emphasis added). The record further established the impact that trial counsel's representation had on the trial judge, as the judge subsequently explained to the defendant that the judge believed the defendant had changed his story and advised the defendant that he should enter a plea of guilty, consistent with trial counsel's advice. *Id.* at 852.

In this case, the state trial judge was not sitting as the factfinder. Trial counsel made no statement regarding the State's ability to prove its case. And the state trial judge did not express to Petitioner or the jury her views as to the appropriate defense strategy. *Butler* does not establish that recusal was necessary here.

Petitioner also cites to the Eighth Circuit's decision in *United States v. Long*. 857 F.2d 436 (8th Cir. 1988). He argues that case establishes that counsel's disclosure of a defendant's intent to commit perjury causes unfair prejudice to a defendant even if the trial judge is not the factfinder. *Id.* at 446. But in *Long*, the Eighth Circuit explained that trial counsel's disclosure of a defendant's intent to commit perjury created a risk of unfair prejudice because the trial judge would ultimately have to sentence the defendant. *Id.* As the Minnesota Supreme Court correctly noted, the risk of unfair sentencing was not present here because Petitioner's first-degree murder conviction carried a mandatory life sentence. *Mouelle*, 922 N.W.2d at 716 n. 8.

10

Furthermore, the Eighth Circuit did not hold that such a disclosure constituted an automatic violation of a defendant's due process rights. *Id*. at 446-47. Instead, the Eighth Circuit remanded the matter for an evidentiary hearing because the record suggested that the appellant chose not to testify as a result of trial's counsel disclosure. *Id*. Here, not only did Petitioner testify, his trial counsel examined him in the normal course, with no reference to his concerns regarding potential perjury. *Long* also does not establish that recusal was necessary here.

Finally, Petitioner argues his case is similar to *State v. Schlienz*, 774 N.W.2d 361 (Minn. 2009).[3] There, the Minnesota Supreme Court held that a state trial judge erred by engaging in an ex parte conversation with the prosecutor before a sentencing hearing, in which the trial judge

> advised the prosecutor to prepare an objection to the expected plea-withdrawal motion, suggested that the State argue prejudice, and provided specific arguments that would support a showing of prejudice, such as "victim-type issues," "the mechanics of getting victims lined up to testify, subpoenas," and "the emotional or psychological toll upon a victim.

*Id*. at 368-69. Those circumstances are plainly not present here. The state trial judge in Petitioner's case did not engage in any similar ex parte conversation with opposing counsel. Nor did the state trial judge say or do anything that would suggest she had prejudged the merits of a potential motion, as was the case in *Schlienz*. Finally, there is

---

[3] Again, it is not clear on this record that a decision of the Minnesota Supreme Court has any relevance in establishing whether Petitioner has established a violation or unreasonable application of clearly established federal law. Though the *Schlienz* court relied in part on federal caselaw in reaching its decision, it did not reference the federal due process clause at all and relied primarily the state code of judicial conduct to reach its decision. But out of an abundance of caution, the Court will consider this decision to the extent Petitioner claims it is evidence of clearly established federal law.

nothing in the record to suggest the state trial judge advised Petitioner's trial counsel how to proceed in this matter. Petitioner claims that the state trial judge accepted trial counsel's request to provide such guidance because she asked Petitioner several times whether he wanted to testify. That claim is completely speculative and without any support in the record. In addition, it is not inappropriate for a trial judge to inquire of a criminal defendant to a whole host of questions to ensure that the defendant is waiving his Fifth Amendment rights knowingly, intelligently, and voluntarily. *Schlienz* therefore does not establish that Petitioner is entitled to habeas relief.

Petitioner has therefore failed to demonstrate that clearly established law required the state trial judge to recuse herself in this matter. He has also failed to establish the state proceedings resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. The Court therefore will recommend the Petition be denied and dismissed with prejudice. Because the dispute can be resolved on the basis of the record and legal arguments submitted by the parties, this Court also recommends that no evidentiary hearing be held. *See Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983).

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Federal district courts may not grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, the petitioner must show "that the issues are

debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, this Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Petitioner's petition debatable, or that some other court would decide this petition differently. This Court therefore recommends that a certificate of appealability not issue.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1), be **DENIED** and **DISMISSED WITH PREJUDICE**.

2. A certificate of appealability not issue.


Date: August 10, 2020                             *s/ Tony N. Leung*
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota

                                                  *Mouelle v. Schnell*
                                                  Case No. 20-cv-456 (SRN/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being

served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).