UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Vern Jason Mouelle,<br><br>                Petitioner,<br><br>v.<br><br>Paul Schnell, Minnesota Commissioner of Corrections,<br><br>                Respondent. | Case No. 20-cv-456 (SRN/TNL)<br><br>**MEMORANDUM OPINION AND ORDER** |

Kassius O Benson, Kassius Benson Law, P.A., 3201 Hennepin Ave., Minneapolis, MN 55408, for Petitioner.

Anna Light, Dakota County Attorney's Office, 1560 Hwy. 55, Hastings, MN 55033; Edwin William Stockmeyer, III, and Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota St., Ste. 1800, St. Paul, MN 55101, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I.    INTRODUCTION

This matter is before the Court on Petitioner Vern Jason Mouelle's Objections [Doc. No. 17] to United States Magistrate Judge Tony N. Leung's August 10, 2020 Report and Recommendation [Doc. No. 12] ("R&R"). The magistrate judge recommended that Petitioner's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] ("Petition") be denied, the action be dismissed with prejudice, and a Certificate of Appealability be denied. (R&R at 13.) For the reasons set forth below,

Petitioner's objections are overruled, the Court adopts the R&R in its entirety, denies a Certificate of Appealability, and dismisses this matter with prejudice.

## II.     BACKGROUND

The factual and procedural background of this matter is well documented in the R&R and is incorporated herein by reference. This Court will recite background facts only to the extent necessary to rule on Petitioner's objections.

### A.  State Court Proceedings

In 2017, Petitioner was convicted by a jury in Dakota County, Minnesota state court of first-degree premeditated murder, first-degree premeditated murder of an unborn child, and two counts of second-degree intentional murder. (*See* Pet. at 1; *State v. Mouelle*, 922 N.W.2d 706 (Minn. 2019)). Mouelle is currently imprisoned in the Minnesota Correctional Facility at Rush City, Minnesota. Respondent Paul Schnell serves as the Minnesota Commissioner of Corrections.

Shortly before opening statements at trial, Mouelle's counsel, Mr. Joseph Friedberg, had an ex parte conversation with the judge, in which counsel stated that if Mouelle chose to testify, counsel was "going to have to do as well as [he could] under *Whiteside*."[1] *Mouelle*, 922 N.W.2d at 711. Defense counsel also told the judge that he and Mouelle disagreed on whether counsel should give an opening statement before the state presented its evidence. *Id.*

---

[1]     In *Nix v. Whiteside*, 475 U.S. 157, 170–71 (1986), the Supreme Court held that it was not ineffective assistance of counsel for a criminal defense attorney to discourage his client from committing perjury by threatening to withdraw from representation and to report the perjury to the presiding judge.

In relaying this to the judge, defense counsel quoted parts of a conversation that he had had with Mouelle. *Id.* Counsel explained that he would request a short recess after the state's opening statement. *Id.* The judge responded, "I'm not going to comment any further about your conversations with your client as they are privileged. We will take a recess after the prosecution's opening statement . . . and you can let me know if you're ready." *Id.*

After the prosecution gave its opening statement, the court took a brief recess, and defense counsel then gave an opening statement. *Id.* In the defense portion of the trial, Mouelle chose to testify. *Id.* Defense counsel elicited Mouelle's testimony in a traditional question-and-answer format, *id.*, as opposed to a narrative form.

The jury found Mouelle guilty on all counts, and he was sentenced to life imprisonment, without the possibility of release, for both of the first-degree murder offenses. *Id.* at 712. The district court denied Mouelle's request that the sentences run concurrently, and imposed consecutive sentences, explaining that that there were "two separate and distinct lives lost, and there must be a penalty for each." *Id.*

Mouelle filed a direct appeal, arguing that (1) when the judge learned of Mouelle's potential perjury, the judge was required to recuse herself under the Minnesota Code of Judicial Conduct; (2) his Sixth Amendment right to effective assistance of counsel was violated based on defense counsel's ex parte conversations with the judge; (3) there was an error in the jury instructions; and (4) a conviction for first-degree premeditated murder of an unborn child is not among the enumerated offenses permitting a sentence of life imprisonment without the possibility of release. *Id.* at 712, 714, 717, 718.

3

The Minnesota Supreme Court rejected the first three grounds of appeal, but agreed that resentencing on the conviction for first-degree premeditated murder of an unborn child was warranted.[2] *Id.* at 718–19. With regard to the ineffective assistance claim, the Minnesota Supreme Court held that Mouelle failed to demonstrate prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). The Minnesota Supreme Court found that Mouelle "had a full and fair opportunity to present his testimony to the jury," and none of the district court's evidentiary rulings—some of which favored him, and some of which did not—showed that the judge was biased against him. *Mouelle*, 922 N.W.2d at 716–17. Accordingly, because Mouelle failed to demonstrate prejudice, his ineffective assistance claim failed on direct appeal. *Id.*

As to his claim of judicial bias, the Minnesota Supreme Court found no evidence of bias, noting that "[i]n criminal proceedings, reviewing evidence that is potentially prejudicial to the defendant is a routine, and in fact essential, function of a district court judge." *Id.* at 713. Moreover, such evidence is often incriminating, as in *Miranda* challenges, and yet, "in these circumstances we do not doubt the district court judge's ability to set aside her knowledge of prejudicial information and 'approach every aspect of each case with a neutral and objective disposition.' " *Id.* at 713–14 (quoting *State v. Dorsey*, 701 N.W.2d 238, 247 (Minn. 2005)). The Minnesota Supreme Court found that none of the facts here demonstrated

---

[2] On April 4, 2019, the state district court resentenced Mouelle to a life sentence, to be served consecutively with his other first-degree murder sentence, on his first-degree murder conviction for an unborn child. Minnesota Judicial Branch, Case No. 19HA-CR-17-367, http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID=1624069126 (last accessed Sept. 24, 2020).

even the *appearance* of partiality, noting that after the ex parte conversation, defense counsel never raised his concerns, the jury was unaware of any concerns about Mouelle's testimony, and the presentation of Mouelle's testimony in traditional question-and-answer format suggested that defense counsel's concerns had been resolved prior to Mouelle's testimony. *Id.* at 714.

### B.  Habeas Petition

In February 2020, Mouelle timely filed the instant Petition in this Court pursuant to 28 U.S.C. § 2254.  He identifies ineffective assistance of counsel as the basis for his claim that he is being held in violation of federal law. (Pet. at 6.)  Specifically, he argues that his Sixth Amendment rights were violated based on counsel's ex parte conversation with the trial court judge.  (*Id.*)  Mouelle contends that this prejudiced him "by interfering with his ability to receive a fair trial and compromised the ability of the trial judge to impartially oversee the trial."   (*Id.*)   Although Mouelle's Petition alleges only a Sixth Amendment violation, his memorandum in support of his motion also appears to raise a due process violation, (Pet'r's Mem. [Doc. No. 3] at 20), which the Court addresses below.

As noted, in the R&R, Magistrate Judge Leung recommended the denial of Mouelle's Petition.  He found that Mouelle failed to demonstrate prejudice in order to support a claim of ineffective assistance of counsel.  (R&R at 4–8.)  Accordingly, he recommended the denial of relief as to Mouelle's Sixth Amendment claim.  (*Id.* at 8.)  In addition, Magistrate Judge Leung construed Petitioner's motion to assert a violation of his due process rights based on the trial judge's failure to recuse herself following the ex parte conversation with defense

counsel. (*Id.* at 8–9.) The magistrate judge found that Mouelle failed to establish that the lack of judicial recusal violated clearly established federal law. (*Id.* at 9–12.) Finally, the magistrate judge recommended denying Mouelle a certificate of appealability. (*Id.* at 12–13.)

Mouelle objects to the R&R on three grounds. First, he argues that the magistrate judge should have considered both prongs of *Strickland*, including whether defense counsel's conduct fell below professional standards, and he further objects to the magistrate judge's finding that he failed to demonstrate prejudice. (Objs. at 2–3.) Second, Mouelle objects to Magistrate Judge Leung's finding of no due process violation. (*Id.* at 3–4.) Third, Mouelle objects to the magistrate judge's recommendation to deny a certificate of appealability. (*Id.* at 6–7.)

## III.   DISCUSSION

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[3] 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b).

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, limits the availability of federal relief for petitions of habeas corpus brought by persons in

---

[3]   Respondent urges the Court to apply a clear error standard of review, arguing that Petitioner merely asserts general objections and repeats arguments that were presented to the magistrate judge. (Resp't's Response to Objs. [Doc. No. 15] at 1–3) (citing *Turner v. Minnesota*, No. 16-cv-3962 (JRT/FLN), 2017 WL 5513629, at *1 (D. Minn. Nov. 17, 2017)). The Court finds that Petitioner's objections are sufficiently responsive to the R&R and applies a de novo standard of review.

custody pursuant to a state court judgment. Courts may not grant a habeas petition unless the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id*. § 2254(d)(1)–(2). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner bears the burden of rebutting the presumption by clear and convincing evidence. *Id*. § 2254(e)(1).

### A. Ineffective Assistance of Counsel

As noted, Magistrate Judge Leung recommended the denial of Mouelle's ineffective assistance of counsel claim, finding that he failed to demonstrate prejudice. (R&R at 4–8.) In his Objections, Mouelle urges the Court to consider not only the issue of prejudice—to which he objects to the magistrate judge's findings—but also whether defense counsel's conduct fell below professional standards by "improperly and prematurely informing the trial judge that his client planned to commit perjury." (Objs. at 3.)

In order to obtain relief on a claim of ineffective assistance of counsel, Petitioner must establish both that his counsel's performance "fell below an objective standard of reasonableness" *and* that the deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 688 (emphasis added). The Court therefore rejects Mouelle's argument that it was improper for the Minnesota Supreme Court, in ruling on Mouelle's direct appeal, and the magistrate judge, in the R&R, to not consider whether counsel's conduct also fell below the

reasonableness standard. Both the Minnesota Supreme Court and Magistrate Judge Leung found that Mouelle failed to establish the element of prejudice, *Mouelle*, 922 N.W.2d at 715; (R&R at 5–8), negating the need to analyze the other *Strickland* factor, as both factors must be present to support a claim of ineffective assistance of counsel. *Wong v. Belmontes*, 558 U.S. 15, 16 (2009) (stating, "To prevail on [an ineffective assistance of counsel] claim, [the petitioner] must meet both the deficient performance and prejudice prongs of *Strickland*.). Because a finding of no prejudice is fully dispositive of Mouelle's ineffective assistance claim, the Court overrules his objection in this regard. As to a showing of prejudice, Mouelle bears the burden of establishing to a reasonable probability that, but for his counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

  Here, as in his direct appeal to the Minnesota Supreme Court, Mouelle relies on *Lowery v. Cardwell*, 575 F.2d 727 (9th Cir. 1978), to support his claim of prejudice. In *Lowery*, defense counsel moved to withdraw representation during the defendant's testimony because counsel believed the defendant was committing perjury. 575 F.3d at 729. The Ninth Circuit held that counsel's motion to withdraw violated the defendant's due process rights because it was an "unequivocal announcement" to the fact finder that the defendant's testimony was false. *Id.* at 730.

  As stated in the R&R, even if the Minnesota Supreme Court's decision directly contradicted Lowery, that fact alone would be insufficient to entitle Mouelle to relief here. (R&R at 5.) On a § 2254 motion, it is not enough that a state court decision conflicts with precedent from a federal appellate court, as any error must be clear from United States

8

Supreme Court precedent existing at the time of the state court's decision. *Lopez v. Smith*, 574 U.S. 1, 2 (2014). *Lowery* is a non-binding decision of the Ninth Circuit Court of Appeals, not the United States Supreme Court.

Even if *Lowery* is considered, the Court agrees with the Minnesota Supreme Court that Mouelle's reliance on the case is misplaced. *Mouelle*, 922 N.W.2d at 716. The Minnesota Supreme Court noted that *Lowery* involved a bench trial, not a jury trial in which Mouelle had a full and fair opportunity to present his testimony to the jury. *Id.* The Minnesota Supreme Court found that nothing in the record demonstrated that the jury in Mouelle's case was even aware that defense counsel initially held doubts about Mouelle's credibility. *Id.* On direct appeal, Mouelle argued that he was prejudiced by the ex parte statement, as reflected in adverse evidentiary rulings. *Id.* But the Minnesota Supreme Court rejected that argument, noting that some of the trial court's evidentiary rulings favored Mouelle. *Id.* at 716–17.

In the instant motion, Mouelle identifies "prejudice" broadly, stating that counsel's ex parte disclosure "tainted the judge's ability to preside over Petitioner's trial." (Pet'r's Mem. at 16.) However, as the magistrate judge observed, "Vague references to improperly decided evidentiary rulings are insufficient to undermine confidence in the outcome of the trial." (R&R at 7) (citing *Strickland*, 466 U.S. at 694). As noted in the R&R, the only specific instance of prejudice that Mouelle identifies is the trial court's denial of his motion for judgment of acquittal. (R&R at 8; Pet'r's Mem. at 18.) Mouelle also identified this alleged instance of prejudice on direct appeal, which the Minnesota Supreme Court rejected, stating, "The district court judge's denial of Mouelle's motion for a judgment of acquittal . . . is

beyond challenge because the State presented more than enough evidence to create a question of fact for the jury's determination." *Mouelle*, 922 N.W.2d at 716 (citing *State v. Slaughter*, 673 N.W.2d 70, 74–75 (Minn. 2005) (describing the standard to prevail on a motion for judgment of acquittal)). The Court agrees with the magistrate judge that Mouelle fails to explain how the state trial judge or the Minnesota Supreme Court decided this issue incorrectly. As such, Mouelle fails to establish a reasonable probability that his motion for judgment of acquittal would have been granted but for the alleged bias of the trial court, caused by counsel's ex parte conversation.

Finally, as the magistrate judge and the Minnesota Supreme Court both noted, (R&R at 6–7); *Mouelle*, 922 N.W.2d at 716, *Lowery* is inapposite, as it concerned the right to due process, as opposed to the right to effective assistance of counsel under the Sixth Amendment, and did not address the issue of prejudice, as it predated *Strickland*.

For all of these reasons, the Court agrees with the magistrate judge that Mouelle has not demonstrated that his counsel's performance actually prejudiced his case. *Strickland,* 466 U.S. at 687. Accordingly, this ground of relief fails and Mouelle's objections in this regard are overruled.

### B. Due Process

Mouelle does not expressly identify a due process violation in his Petition, although he raises it in his memorandum. (Pet'r's Mem. at 20–26) ("Once Petitioner's attorney made disclosures to the trial court judge that indicat[ed] that Petitioner was going to commit perjury, the trial court judge's decision to preside over Petitioner's trial was structural error and

10

violated due process.") Magistrate Judge Leung observed that it is unclear whether this claim was properly exhausted in the state courts. (R&R at 8 n.2.) Out of caution, Magistrate Judge Leung analyzed the claim and found that on the merits, Petitioner failed to establish that the trial judge's decision regarding recusal violated clearly established federal law. (*Id.* at 9–12.)

In his Objections, Mouelle argues that the magistrate judge failed to properly consider whether " 'the average judge in [the trial judge's] position is likely to be neutral, or whether there [was] an unconstitutional potential for bias.' " (Objs. at 4–5) (quoting (*Williams v. Pennsylvania*, __ U.S. __, 136 S. Ct. 1899 (2016)). He asserts that the magistrate judge and the Minnesota Supreme Court incorrectly distinguished *United States v. Long*, 857 F.2d 436, 444 (8th Cir. 1988), in which the Eighth Circuit Court of Appeals stated that defense counsel's disclosure of the defendant's intent to commit perjury may have created a risk of unfair prejudice because the trial judge would ultimately have to sentence the defendant. The magistrate judge and the Minnesota Supreme Court found that no such risk was present here because Petitioner's first-degree murder convictions carried mandatory life sentences, constraining the judge's discretion. (R&R at 10–11); *Mouelle*, 922 N.W.2d at 716 n.8. While Mouelle acknowledges the mandatory life sentences, he argues that the trial judge had the discretion to impose those sentences concurrently or consecutively. (Objs. at 5–6.) Because she imposed them consecutively, Mouelle asserts that his sentences were influenced by the judge's bias, based on her knowledge of the possibility that he might testify falsely. (*Id.* at 6.)

It appears that Mouelle raised some aspect of a due process violation with the Minnesota Supreme Court. He argued there that the judge's failure to recuse herself constituted a violation of the Code of Judicial Conduct. *See Mouelle*, 922 N.W.2d at 712. Reviewing this claim, the Minnesota Supreme Court noted that because the facts failed to show a lack of the appearance of impartiality, they did not meet "the more stringent test for a due-process violation, which requires an 'unacceptable risk of actual bias.' " *Id.* at 714 n.6 (quoting *Williams*, 136 S. Ct. at 1908). Accordingly, because it appears that Mouelle presented some aspect of this claim in state court, in an abundance of caution, the Court considers it on the merits.

Notably, Petitioner fails to identify United States Supreme Court precedent that would have required the trial judge's recusal here. While he relies on *Butler v. United States*, 414 A.2d 844 (D.C. Cir. 1980), the magistrate judge properly observed that in *Butler*, a bench trial, the trial judge sat as the fact finder—a fact that the appellate court found critical to its determination that recusal was warranted. (R&R at 9–10.) Moreover, not only did defense counsel in *Butler* raise the possibility of the defendant's perjured testimony, he informed the court that he believed the government would be able to prove its case beyond a reasonable doubt. 414 A.2d at 852–53. Here, however, the trial court judge did not serve as the fact finder. Nor did defense counsel make any such statements regarding the prosecution's ability to prove its case.

This case is also distinguishable from *Long*, on which Mouelle relies for the proposition that counsel's disclosure of a defendant's intent to commit perjury prejudices the

defendant even if the judge is not the fact finder, because of the judge's role in sentencing. In *Long*, defense counsel had a private conversation with the judge in a jury trial, in which he informed the judge of his concerns about his client's potential perjury and that he considered withdrawing as counsel. 857 F.3d at 444. The Eighth Circuit did not find that these facts constituted an automatic violation of the defendant's due process rights, but because the defendant ultimately chose not to testify, the court remanded the matter for an evidentiary hearing because, among other things, it was impossible to know whether the defendant had been restrained from testifying falsely. *Id.* at 446.

Here, however, Mouelle did testify. The Court agrees with the Minnesota Supreme Court's assessment that "Counsel's decision to present Mouelle's testimony in the usual question-and-answer format suggests that Counsel's *Whiteside* concerns, as well as his disagreement with Mouelle, had been resolved before Mouelle testified." *Mouelle*, 922 N.W.2d at 714. While Mouelle argues that the trial judge and defense counsel engaged in an "off the record" conversation, perhaps related to his possible testimony, (Objs. at 4–5), he also expressly acknowledges, "[t]hroughout the rest of the trial, Friedberg made no other references on the record to [concerns about possible perjury]. About a week after Friedberg's disclosure, Petitioner did testify at this trial. When Petitioner testified, Friedberg presented the testimony as he would any other witness. Friedberg also argued Petitioner's version of events to the jury in closing as the primary defense." (Pet'r's Mem. at 5.) These facts undermine Mouelle's due process argument, as they strongly support a finding that defense counsel's concerns about false testimony did not materialize, given that counsel elicited

13

Mouelle's testimony in a normal fashion, and even adopted that testimony in his closing arguments. Under these facts, as an objective matter, "the average judge" in this position "is likely to be neutral," and there is no due process violation. *Williams*, 136 S. Ct. at 1905 (internal quotation and citation omitted).

Moreover, to the extent that Mouelle predicates a claim of ineffective assistance of counsel on these facts, rather than a free-standing due process claim, they do not support a finding of prejudice simply because the trial judge ultimately sentenced him to consecutive life sentences, rather than concurrent sentences. (Objs. at 6.)  Not only is there no evidence of bias in the record, the judge explained at sentencing that she was imposing consecutive sentences for "two separate and distinct lives lost," finding it appropriate to impose a penalty for each victim. *Mouelle*, 922 N.W.2d at 712.

Finally, the Court agrees with the magistrate judge that Mouelle's reliance on *State v. Schlienz*, 774 N.W.2d 361 (Minn. 2009), provides no relief. As Magistrate Judge Leung observed, *Schlienz* is a decision of the Minnesota Supreme Court that does not reference the federal Due Process Clause, (R&R at 11 n.3), and even so, *Schlienz* is factually inapposite. There, the trial judge engaged in an ex parte conversation with the prosecutor prior to a sentencing hearing and suggested motions that the prosecutor should file, along with specific legal arguments. *Schlienz*, 774 N.W.2d at 368–69. While Mouelle argues that his counsel may have requested the judge's guidance, noting that the trial judge asked Mouelle several times whether he wanted to testify, the Court agrees with Magistrate Judge Leung that such a claim is completely speculative and without any support in the record. (R&R at 12.) And, as

14

the magistrate judge correctly observed, in order to ensure that a criminal defendant is knowingly, intelligently, and voluntarily waiving his Fifth Amendment rights, a trial judge properly engages in a colloquy with the defendant, sometimes repeatedly, about his decision to testify.

Accordingly, for all of the foregoing reasons, this ground of relief fails, and Mouelle's objections are overruled in this regard.

As to both of Mouelle's grounds of relief, the Court finds that because these issues can be resolved on the basis of the record and the parties' legal arguments, no evidentiary hearing is necessary. *See Wallace v. Lockhart*, 701 F.2d 719, 729–30 (8th Cir. 1983).

### C. Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A Certificate of Appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a "showing" requires that he demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Mouelle has not made such a showing, and thus is not entitled to a Certificate of Appealability.

### IV.   CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Mouelle's Petition for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 [Doc. No. 1] is **DENIED**;

2. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. No. 12] in its entirety;

3. Mouelle's Objections [Doc. No. 13] to the Report and Recommendation are **OVERRULED**;

4. A Certificate of Appealability is **NOT GRANTED**; and

5. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  September 28, 2020             s/Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States District Judge